STEPHEN PAUL PREZIOSI
6201 INDUSTRIAL LOOP 840
SHREVEPORT, LA 71129
stephenpreziosi0@gmail.com
318-918-0928
Plaintiff in Pro Per



RECEIVED OTC

JAN 24 2024

TONY R MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| STEPHEN PAUL PREZIOSI | ) | CIVIL ACTION NO.5:23-cv-01097 |
| Plaintiff | ) | |
| VERSUS | ) | MEMORANDUM IN OPPOSITION |
| | ) | to MOTION to DISMISS |
| LA DEPT CHILDREN & FAMILY | ) | PURSUANT FRCP 12(b)1, 12(b)6 |
| SERVICES ET AL | ) | ELEVENTH AMENDMENT |
| Defendant's | ) | IMMUNITY, SOVEREIGN |
| | ) | IMMUNITY, SUBJECT MATTER |
| | ) | JURISDICTION |

JUDGE: JERRY EDWARDS, Jr.
MAGISTRATE JUDGE HORNSBY

<u>MEMORANDUM OF OPPOSITION</u>
<u>TO DEFENDANT'S MOTION TO DISMISS BASED ON</u>
<u>ELEVENTH AMENDMENT IMMUNITY</u>
<u>FAILURE TO STATE A CLAIM</u>
<u>SOVEREIGN IMMUNITY</u>
<u>SUBJECT MATTER JURISDICTION</u>

**COMES NOW** the Plaintiff, **STEPHEN PAUL PREZIOSI**, by and through undersigned counsel, hereby submits this Opposition to Defendant's Motion to Dismiss, and in support thereof states as follows:

1

1.

## 1.INTRODUCTION

1. This case involves grave multiple infringements upon the Plaintiff's constitutional, statutory, and common law rights including, but not limited to, breach of contract, violation of civil rights, constitutional rights infringement, fraud, mail fraud, fraudulent concealment, tortious conduct, due process violation, equal protection clause violation, willful withholding of information, unjust enforcement actions, manipulation, neglect of duty, refusal to adhere to legal requirements, Freedom of Information Act (FOIA) violations, due process, conspiracy against rights, alteration of divorce decree, under color of law, misconduct, fraudulent misrepresentation, violation of parental rights, intentional infliction of emotional distress, tortious interference with a parental relationship, negligence, and failure to adhere to legal procedures.

2. In response to the egregious and multifaceted harm suffered by the Plaintiff, the Defendant's seek to evade judicial scrutiny and consequent accountability through claims of immunity under the Eleventh Amendment, asserting failure to state a claim upon which relief can be granted, sovereign immunity, and lack of subject matter jurisdiction.

3. Sovereign immunity, as contemplated by the Eleventh Amendment, does not bar this honored Court's jurisdiction over the case at bar, for the Defendant's are not entitled to the protections asserted therein due to the explicit legislative provisions stipulated under 42 U.S.C. § 1983, and the clear abrogation of such immunity in

the context of claims under federal law where state officials are alleged to have violated federal statutory or constitutional rights. *45 CFR 302.12* Single and separate organizational unit, *LA. R.S. 51: 1444* Contracts between obligees and private child support collection agencies; contents; provisions A.(9) A statement that the private child support collection agency is not a government agency and is not affiliated with any government agency and that the department provides support enforcement services at little or no cost to the obligee. Title IV D Agencies do not have immunity, *Franconia Associates v. United States,* 536 U.S. 129 (2002)

 4. Further, the Plaintiff has properly stated claims which are substantive and viable, thus, this matter survives the standard established by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), which mandate that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

 5. The Defendant's assertion of sovereign immunity is not plenary, as it does not afford protection from all judicial review, specifically in instances involving allegations of constitutional violations pursuant to *Ex parte Young,* [209 U.S. 123 (1908)], which allows suits against state officials for prospective injunctive relief for ongoing violations of federal law. Federal courts can rule on federal claims [constitutional questions] involved in state divorce cases and award money damages for federal torts or in diversity of citizenship cases involving intentional infliction of emotional distress by denial of

parental rights, "visitation", as long as it is not asked to modify custody status. LLOYD V. LOEFFLER, 518 F. Supp 720

**LEGAL ARGUMENT**

I. THE ELEVENTH AMENDMENT DOES NOT BAR FEDERAL COURTS FROM ADJUDICATING CLAIMS AGAINST STATE OFFICIALS FOR VIOLATIONS OF FEDERAL LAW

**A.** Federal Law Provides an Exception to Eleventh Amendment Immunity for Suits Against State Officials.

6. The crux of the Defendant's motion rests upon a flawed interpretation that the Eleventh Amendment confers upon them blanket immunity from all forms of legal recourse sought by the Plaintiff. However, this is a misapprehension of the scope of the Eleventh Amendment and the well-established jurisprudence permitting suits against state officials for prospective relief to cease an ongoing violation of federal law.

7. Pursuant to the legal doctrine established in Ex parte Young, this Court has the authority to enjoin state officials from committing future violations of federal law despite the nominal barrier posed by the Eleventh Amendment. This exception persists as a fundamental principle to ensure the supremacy of federal law and safeguard constitutional rights against state infringement.

**B.** Plaintiff's Claims Under 42 U.S.C. § 1983 Are Not Barred by the Eleventh Amendment.

8. Section 1983 provides a federal forum to remedy many wrongs that are actionable against persons who, under "color of state law," cause deprivation of federal rights, privileges, or immunities.

4

The present action precisely alleges conduct under the color of state law, which has led to the deprivation of Plaintiff's rights.

9. The nature of allegations in the present case – such as the willful withholding of information, unjust enforcement actions, and alteration of divorce decree under color of law – undeniably characterize actions taken under the guise of state authority, satisfying the "color of law" requirement described in § 1983.

## II. THE COMPLAINT STATES CLAIMS UPON WHICH RELIEF CAN BE GRANTED

### A. Plaintiff's Complaint Satisfies the Twombly-Iqbal Standard.

10. The Complaint alleges a panoply of factually intricate and legally significant wrongdoings, each buttressed by a sufficiently detailed narrative to apprise the Defendant of the nature of the claim and the grounds upon which it rests.

11. The factual allegations contained within the Complaint, taken as true for the purpose of this motion, surpass mere speculative or conceivable threshold and climb to the level of plausibility, thus coming squarely within the ambit of claims that are entitled to an opportunity for proof under the prevailing Twombly-Iqbal standard.

## III. SOVEREIGN IMMUNITY DOES NOT PROTECT THE DEFENDANT FROM CLAIMS OF FEDERAL CONSTITUTIONAL AND STATUTORY VIOLATIONS

### A. Sovereign Immunity Does Not Extend to Claims for Violations of Federal Law.

12. While the State enjoys immunity from suits by private parties seeking to impose a liability which must be paid from public funds in the state treasury, this form of immunity does not extend carte blanche to all actions against the state or state officials.

13. When the state official is named and the relief sought implicates future conduct in violation of federal rights, the doctrine of sovereign immunity finds itself inapplicable. In the present case, the relief sought pertains to prospective measures aimed at halting ongoing violations of Plaintiff's federal rights, and as such, does not run afoul of sovereign immunity principles.

## IV. THE COURT HAS SUBJECT MATTER JURISDICTION TO ADJUDICATE THE CLAIMS PRESENTED

**A.** Federal Questions Are Present and Warrant Federal Court Jurisdiction.

14. This action raises several federal questions that are properly within the domain of federal jurisdiction, including but not limited to the alleged violations of constitutional rights, as well as statutory rights under the FOIA and 42 U.S.C. § 1983.

15. The Constitution and laws of the United States are central to the determination of this case, thus vesting this Court with jurisdiction pursuant to 28 U.S.C. § 1331.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss in its entirety and grant Plaintiff the opportunity to prove the merits of the claims presented.

Respectfully submitted,

STEPHEN PREZIOSI

6201 INDUSTRIAL LOOP 840

SHREVEPORT,LA 71129

stephenpreziosi0@gmail.com

318-918-0928

*/s/ Stephen Preziosi*

Respectfully submitted,

STEPHEN PREZIOSI

6201 INDUSTRIAL LOOP 840

SHREVEPORT,LA 71129

stephenpreziosi0@gmail.com

318-918-0928

Pro Se Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of January 2024, I filed the foregoing with the Clerk of Court. I also certify that i have mailed United States Postal Service Certified Return Receipt and email as the Plaintiff is a non-CM/ECF participant:

Elizabeth Grozinger
Asst. Atty. Gen.
Louisiana Dept. of Justice
Litigation Division
330 Marshall St. Ste. 777
Shreveport, La 71101
grozingere@ag.louisiana.gov

A courtesy copy of this filing will be forwarded to the Honorable Jerry Edwards Jr. United States District Judge.

*[signature]*

Pro se Plaintiff