UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STEPHEN PAUL PREZIOSI | CIVIL ACTION NO. 23-1097 |
| VERSUS | JUDGE EDWARDS |
| LA DEPT CHILDREN & FAMILY SERVICES ET AL | MAG. JUDGE HORNSBY |

**MEMORANDUM RULING & ORDER**

Before the Court is a Motion to Dismiss filed by Defendants, the State of Louisiana through the Department of Children and Family Services ("DCFS"), Secretary Terri Ricks, Gary Franklin, Christian Merrit, and Bridget Depland-Grant (collectively "Defendants").[1] Plaintiff Stephen Preziosi filed an opposition.[2] For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Plaintiff Stephen Preziosi filed the instant suit on August 10, 2023, against the Louisiana Department of Children and Family Services ("DCFS"), Secretary of DCFS Terri Ricks, and DCFS employees Gary Franklin and Christian Merrit.[3] Plaintiff later amended his complaint to add Bridget Depland-Grant.[4] Proceeding *pro se*, Plaintiff alleges claims arising from state court divorce, custody, and child support proceedings.[5] His allegations include claims of procedural and systemic failures in

---

[1] R. Doc. 20.
[2] R. Doc. 23.
[3] R. Doc. 1.
[4] R. Doc. 12.
[5] R. Doc. 1 at 3-5.

1

the family court and child support enforcement process.[6] Plaintiff moved for a temporary restraining order seeking declaratory, injunctive, and monetary relief arising from his state court divorce, custody, and child support proceedings.[7] The Court issued an order denying Plaintiff's motion for a temporary restraining order on July 31, 2024.[8] Defendants filed the present Motion to Dismiss on January 10, 2024.[9]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.[10] The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.[11] The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."[12] When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.[13] Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.[14]

---

[6] *Id.*
[7] R. Doc. 37.
[8] R. Doc. 38.
[9] R. Doc. 20.
[10] *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).
[11] *Id.*
[12] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[13] *Id.* at 679.
[14] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto.[15] "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[16] Indeed, any documents attached to the briefing on a motion to dismiss may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity.[17]

A document filed *pro se* is "to be liberally construed,"[18] and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[19]

### III.  LAW & ANALYSIS

Defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), urging the Court to dismiss Plaintiff's complaint against them. Specifically, Defendants argue (1) that this Court's jurisdiction over the named Defendants is barred by the Eleventh Amendment to the United States Constitution and (2) that Plaintiff has failed to state a claim for which relief may be granted.

#### 1. Jurisdiction over the State and DCFS in Federal Court

---

[15] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).
[16] *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).
[17] *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).
[18] *See e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[19] *Id.* (internal quotation marks omitted); Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Defendants' motion raises the issue of the State and DCFS's immunity from suit in a federal court pursuant to the Eleventh Amendment to the United States Constitution, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Defendants maintain that the Eleventh Amendment bars a suit by a private party against a state in federal court unless the State consents to suit or Congress has abrogated the state's sovereign immunity.[20] Defendants further argue that the Eleventh Amendment is applicable to the State and extends to DCFS as an alter ego or arm of the State.[21] In response to Defendants' arguments, Plaintiff does not address Defendants' assertions that the State and DCFS are immune to suit by private individuals in federal court under the Eleventh Amendment. Instead, Plaintiff asserts that there is a right of a private party to bring a suit in federal court against a state official for prospective relief.[22]

"Under the Eleventh Amendment, an unconsenting State is immune from suits brought in federal court by [its] own citizens as well as citizens of another state."[23] The Supreme Court has held that the rule that "a State may not be sued without its consent is [such] a fundamental rule of jurisprudence ... that the entire judicial power

---

[20] R. Doc. 20-2 at 3.
[21] R. Doc. 20-2 at 3.
[22] R. Doc. 23 at 4 ("[T]his court has the authority to enjoin state officials from committing future violations of federal law despite the nominal barrier posed by the Eleventh Amendment.")
[23] *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 418 (5th Cir. 2004) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given...."[24]

"Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State."[25] There is no bright-line test for determining whether a political entity is an "arm of the State" for purposes of Eleventh Amendment immunity. Instead, "the matter is determined by reasoned judgment about whether the lawsuit is one which, despite the presence of a state agency as the nominal defendant, is effectively against the sovereign state."[26] In making this inquiry, the Fifth Circuit considers six factors: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.[27] "[T]he most significant factor in assessing an entity's status is whether a judgment against it will be paid with state funds."[28] "Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court."[29]

---

[24] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).
[25] *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-689 (5th Cir. 2002) (quoting *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997)).
[26] *Earles v. State Board of Certified Public Accountants of Louisiana*, 139 F.3d 1033, 1037 (5th Cir. 1998).
[27] *See, e.g., Cozzo v. Tangipahoa Parish Council–President Govt.*, 279 F.3d 273, 281 (5th Cir.2002); *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir.2000).
[28] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147–48 (5th Cir.1991).
[29] *Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir.1996), citing *Puerto Rico Aqueduct and Sewer Authority v. Metcaff & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

This Court and the Middle District of Louisiana have examined the aforementioned factors and concluded that DCFS is an agency of the state and entitled to Eleventh Amendment sovereign immunity.[30] Additionally, La. R.S. 46:51 outlines the duties of the DCFS and provides that, the department, "through its secretary shall administer the public assistance and welfare laws of the state...."[31] The funding for DCFS comes from a State public assistance fund.[32] The State of Louisiana has not waived its immunity nor has it consented to suit in federal court. Additionally, in this instance, the State of Louisiana's sovereign immunity has not been abrogated by Congress. The Court further notes that Plaintiff, the party asserting jurisdiction and bearing the burden of proof, has failed to offer any exception to Eleventh Amendment sovereign immunity.

DCFS—as an agency of the State—is entitled to Eleventh Amendment sovereign immunity. Thus, all claims against DCFS are barred and the agency is hereby dismissed from the instant suit.

### 2. Claims against Secretary Terri Ricks, Gary Franklin, Christian Merrit, and Bridget Depland-Grant

The remaining defendants, Secretary Terri Ricks, Gary Franklin, Christian Merrit, and Bridget Depland-Grant, were sued by Plaintiff in their "official and individual capacities."[33]

---

[30] *El Bey v. Caddo Par. Juv. Ct.*, 2023 WL 1421955 (W.D. La. Jan. 30, 2023); *Harmony Ctr., LLC v. Jindal*, 2010 WL 4955167 (M.D. La. Nov. 30, 2010).
[31] La. R.S. 46:51.
[32] See La. R.S. 46:101.
[33] R. Doc. 12.

State officials acting in their *official* capacities may not be sued for retrospective monetary damages under § 1983, but they may be sued for prospective injunctive relief.[34] A state official can be sued in his or her *individual* capacity and held personally liable under § 1983 if it can be shown that the official, acting under state law, caused the deprivation of a federal right.[35]

In his prayer for relief, Plaintiff asks for a declaration that the remaining defendants violated his constitutional rights and state and federal laws, monetary compensation for damages including emotional distress and harm to his parental rights, an injunction preventing further unconstitutional or coercive actions by the defendants, disclosure and correction of records related to his case, termination of specific legal actions and warrants against him, punitive and compensatory damages for injuries, harm, and damages, and an award of attorney's fees and costs.[36] All taken together, these prayers are a mix of retrospective monetary relief and prospective injunctive relief.

In the instant motion, remaining defendants assert that while Plaintiff did name the above defendants in both their official and individual capacities, simply naming a capacity is not enough to make it true.[37] The remaining defendants assert that Plaintiff's complaint must be carefully reviewed to determine which capacity is truly at issue, and, to do so, the Court must "look at the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the

---

[34] *See Brennan v. Stewart*, 834 F.2d 1248, 1253 (5th Cir.1988); *See also Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).
[35] *Hafer v. Melo*, 502 U.S. 21, 25−31 (1991).
[36] R. Doc. 1 at 12; R. Doc. 12 at 3.
[37] R. Doc. 20-2.

7

defendant is sued."[38] Additionally, they assert that the Plaintiff has failed to state a claim upon which relief can be granted. In his response, other than stating that a state official may be sued in their official capacity, Plaintiff does not address or provide factual support for his allegations against any of the remaining defendants.

The Court declines an inquiry into whether the claims against the remaining defendants are against them in their personal or official capacity because Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's complaint, as amended, makes numerous vague assertions against the remaining defendants. Despite naming Secretary Terri Ricks, Gary Franklin, Christian Merrit, and Bridget Depland-Grant as defendants in his original and amended complaint, Plaintiff makes no factual allegation concerning any named defendant. There is no factual matter (much less "sufficient" factual matter) that this Court can find within the original or amended complaint of any action taken by Ricks, Franklin, Merrit, or Grant. The original and amended complaint contains only conclusory statements, and even a liberal reading of Plaintiff's complaint does not prevent dismissal. Consequently, claims against the remaining defendants are dismissed.

## IV. CONCLUSION

For the foregoing reasons,

---

[38] R. Doc. 20-2 at 5 (citing *Hopkins v. Gusman*, 2007 U.S. Dist. LEXIS 60505, 2007 WL 2407247, (E.D. La. Aug. 17, 2007); *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 954 F. Supp. 2d 461, 470 (W.D. La. 2013)).

Defendants' Motion to Dismiss (R. Doc. 20) Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED**. Plaintiff's claims against DCFS, Ricks, Franklin, Merrit, and Grant are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 12th day of December, 2024.

_____
**JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE**